J-S34035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RYAN JOSEPH AFFRONTI | |
| Appellant | No. 1788 MDA 2015 |

Appeal from the Judgment of Sentence July 7, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003166-2013

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                         **FILED MAY 24, 2016**

Appellant Ryan Joseph Affronti ("Appellant") appeals from the July 7, 2015 judgment of sentence entered in the Luzerne County Court of Common Pleas following his guilty plea convictions for unlawful contact with minors,[1] indecent assault,[2] furnishing liquor to minors,[3] and corruption of minors.[4] Appellant's counsel has filed an **_Anders_**[5] brief, together with a petition to

---

[1] 18 Pa.C.S. § 6318(a)(5).

[2] 18 Pa.C.S. § 3126(a)(1).

[3] 18 Pa.C.S. § 6310.1(a).

[4] 18 Pa.C.S. § 6301(a)(1)(ii).

[5] **_Anders v. California_**, 386 U.S. 738 (1967).

withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

On March 20, 2015, Appellant pleaded guilty to the aforementioned charges. On July 7, 2015, the trial court sentenced Appellant to 9 to 18 months' incarceration on the unlawful contact with minors conviction, 9 to 18 months' incarceration on the corruption of minors conviction consecutive to the unlawful contact with minors conviction, one year of consecutive probation on the indecent assault conviction, and one year of consecutive probation on the furnishing liquor to minors conviction. Appellant's aggregate sentence, therefore, was 18 to 36 months' incarceration followed by two years' special probation. Appellant lodged no objections at sentencing, and did not file post-sentence motions.

Appellant filed a notice of appeal on July 9, 2015 and a Pa.R.A.P. 1925(b) statement on July 29, 2015. The trial court filed its Pa.R.A.P. 1925(a) opinion on August 28, 2015.[6]

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to **Anders v. California** and its Pennsylvania counterpart, **Commonwealth v. Santiago**.[7] Before addressing the merits of Appellant's underlying issue presented, we must

_____

[6] The Commonwealth did not file a brief with this Court.

[7] 978 A.2d 349 (Pa.2009).

first pass on counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel contemporaneously filed a petition to withdraw as counsel with the **Anders** brief. The petition states counsel's determination that no non-frivolous appellate issues exist. **See** Petition to Withdraw As Counsel, ¶ 3. The petition further explains that counsel notified Appellant of the withdrawal request and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit.[8] **See id.** at ¶ 4; **see also** Letter to Appellant, January 29, 2016. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor. **See Anders** Brief, pp. 6-7. Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue of arguable merit raised in the **Anders** brief:

1. Whether the trial court abused its discretion in sentencing the Appellant[?]

**Anders** Brief, p. 1.

_____

[8] The letter further makes clear that counsel supplied Appellant with a copy of the **Anders** brief. **See** Letter to Appellant, January 29, 2016.

This claim raises a challenge to the discretionary aspects of Appellant's sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064.

Here, Appellant filed a timely notice of appeal. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f).[9] *See* Appellant's Brief, p. 3.

---

[9] Appellant's Rule 2119(f) statement states, in its entirety:

> The trial court abused its discretion in sentencing the Appellant in the high end of the Sentencing Guidelines, thus constituting a substantial question.

Appellant's Brief, p. 3. Although this Rule 2119(f) statement is meager and nearing insufficiency, the Commonwealth did not object. Therefore, we may overlook the statement's deficiencies. *See Commonwealth v. Gould*, 912 A.2d 869, 872 (*quoting* *Commonwealth v. Bonds,* 890 A.2d 414, 418 (Pa.Super.2005) ("[i]n the absence of any objection from the
*(Footnote Continued Next Page)*

However, Appellant did not preserve his issue by lodging an objection at sentencing or by filing a post-sentence motion for reconsideration of sentence. Therefore, because he did not properly preserve his discretionary aspects of sentencing claim, Appellant waived this claim for review.

Further, even had Appellant properly preserved his issue, it does not present a substantial question for review. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); **see also** 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." *Id.* A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. *Id.*; **see also Commonwealth v. Harvard**, 64 A.3d 690, 701 (Pa.Super.2013). "[A] substantial question exists when a sentencing court imposed a sentence *in the aggravated range* without considering mitigating factors." **Rhoades**, 8 A.3d at 919 n.12 (*citing* **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super.2003) (emphasis in original). However, "where a sentence is within the standard

*(Footnote Continued)* ─────────────

Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)") (internal brackets omitted).

range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super.2010).

In his Pa.R.A.P. 2119(f) statement, Appellant alleges that the trial court abused its discretion by sentencing him in the high end of the sentencing guidelines. ***See*** Appellant's Brief, p. 3. The claim does not allege that the sentencing court departed from the standard range and sentenced Appellant in the aggravated range of the sentencing guidelines. It alleges merely that Appellant received a sentence at the higher end of the standard range. Therefore, this claim does not present a substantial question for this Court's review. ***See Moury***, ***supra***.

Further, even had Appellant stated a substantial question for review, we would affirm on the merits. We review discretionary aspects of sentence claims under the following standard of review:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

***Commonwealth v. Malovich***, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the

gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b).

In imposing sentence, the trial court considered the sentencing guidelines, the pre-sentence investigation report,[10] the arguments of counsel, the testimony of the victims, the testimony of the victims' families, the testimony of Appellant's friend, the testimony of Appellant's sister, and the testimony of Appellant himself. N.T. 7/7/2015, pp. 1-20. The trial court then sentenced Appellant to a standard range sentence. *Id.* at 20-22. We find no abuse of discretion in the trial court's sentencing.

Given the foregoing, Appellant has not properly preserved his claim for review by this Court. Further, he has not raised a substantial question regarding the appropriateness of his sentence. Finally, even if he had raised a substantial question for review, his claim would fail on the merits. Accordingly, we agree with counsel that Appellant's claim is wholly frivolous. Moreover, our independent review of the record has revealed no other preserved issues of arguable merit. Accordingly, we affirm the judgment of sentence.

---

[10] Where a sentencing court had the benefit of a presentence investigation report, we assume the sentencing court was aware of relevant information contained therein and weighed that information along with any mitigating factors. *Moury*, 992 A.2d at 171.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016